J. O. BOONE, Trustee, &c., v. R. W. HARDIE, Sheriff.

*Pleading—Sham Plea—Deed of Trust—Fraud.*

1. In an action against a sheriff for the conversion of certain goods conveyed in a deed of trust, where the defendant's answer averred that the creditors of the trustor alleged that the deed of trust was fraudulent and void, and that he had seized and sold the goods under execution from a belief that the allegation was true; *Held*, that the answer did not contain a "sham plea," but was sufficient to raise an issue as to the alleged fraud.

2 Where, in such action, the plaintiff showed in evidence the deed of trust which averred that one of the motives to its execution was a de-

BOONE *v.* HARDIE.

sire to secure creditors, and proved that the trustor remained in possession of the goods conveyed and ordered new goods, which were sold and the proceeds applied by him on the debts secured, as agent of the trustee, until stopped by defendant's levy, and that he had no intention to hinder, delay or defraud creditors; and the only issue submitted to the jury was, "Did the plaintiff (trustor) in making the deed in trust intend thereby to hinder, delay or defraud his creditors?" to which the jury resbobded " No "; *It was held,*

(1) that it was not error for the court to refuse to grant the plaintiff a judgment on the verdict.

(2) That it was error to grant the defendant a judgment *non ob, i·· ute veredicto.*

(3) That the absence of the fraudulent intent in the trustor had no efficacy to repel the fraud in legal intendment, and the finding of the jury was wholly immaterial.

(4) That the deed of trust was not fraudulent and void on its face but was presumptively so, and the presumption was required to be rebutted, and the question of fraud should have been passed upon by the jury under proper directions from the court.

(*Hardy* v. *Simpson,* 13 Ired., 132.; *London* v. *Parsley,* 7 Jones, 313 ; *Cheatham* v. *Hawkins,* 76 N. C., 335, and 80 N. C., 161, cited and approved.)

CIVIL ACTION to recover damages for the sale and conversion of property conveyed in a deed of trust, tried at Spring Term, 1880, of CUMBERLAND Superior Court, before *Eure, J.*

D. H. Bell executed a deed in trust on the 18th of February, 1879, to his co-plaintiff, J. O. Boone, conveying for the security of his creditors in two classes as therein expressed, a stock of goods, wares and merchandise described as consisting of liquors, dry goods, groceries, notions and general merchandise, with all his book-debts and notes and his household and kitchen furniture, with a reservation out of the same of the personal property exemption allowed by law, and therein was named a day of default at the end of twelve months, after which, if the debts secured were not paid off and discharged, the trustee was empowered to take possession and sell the property and make collection and pay the unpaid debts in their prescribed order.

The deed was put to registration on the first day of March next after its execution, and shortly thereafter, under execution in favor of two of the creditors of said Bell, (Lucey & Co., and Egerton & Co.,) the defendant, a sheriff, levied on and sold, after first setting apart the exemption allowed by law, enough of the goods conveyed in the trust to make the sum of two hundred and eleven dollars and forty-five cents, and this action is brought to recover for the sale and conversion thereof.

The defendant justified under said executions against Bell, with averment of an allegation by the creditors that the deed in trust was fraudulent and void, as being executed with intent to defeat their recoveries, and that he seized and sold the goods from a belief that the allegation of the creditors was true.

On the call of the cause for trial, the plaintiff moved to strike out the clause of the answer, wherein justification was pleaded, on the ground that it was a sham plea, in that it did not distinctly allege the deed to be fraudulent so as to raise an issue of fraud, and the motion being refused, the plaintiff excepted.

The court then submitted to the jury the issue—" Did the plaintiff Bell, in making the deed in trust, intend thereby to hinder, delay, or defraud his creditors? "

Thereupon the plaintiff showed in evidence the deed in trust, which on its face, besides the facts and the powers and duties of the trustee hereinbefore recited, avowed one of the motives to its execution to be a desire to convey all the property liable to seizure and sale by execution for the security of his creditors, except his exemption. And it was proved by the oath and examination of Bell and the trustee, that Bell remained in possession and ordered new goods, some of which were put into the storehouse and others sent back, and he sold and applied the proceeds on the debts constituting the first class, by arrangement with the trustee

and as his agent, until stopped by the levy of the defendant; and that in the making of the deed and in all things connected therewith, Bell had no intention to hinder, delay or defraud his creditors, but a purpose merely to sell the goods and pay the creditors.

At the conclusion of the testimony as above on the part of the plaintiff, the defendant demurred to the evidence and asked the court to charge the jury that the deed in trust upon its face was fraudulent and void as to creditors, but His Honor reserving the point of law raised by the defendant, at the request of plaintiff allowed the jury to find upon the issue submitted. The jury found the issue in the negative, and His Honor refused the motion of plaintiff for judgment on the verdict and entered judgment that the defendant go without day and for costs *non obstante veredicto*, being of opinion on the point reserved that if the deed of trust was not fraudulent and void on its face, there was a strong presumption of fraud and it was not rebutted by the evidence, and from these rulings of the court below the appeal is taken by the plaintiff.

*Mr. W. A. Guthrie* and *T. H. Sutton,* for plaintiff.
*Mr. Duncan Rose,* for defendant.

DILLARD, J., after stating the case. It was not error to refuse the motion of the plaintiff to strike out the clause of the answer wherein the defendant set up his justification on the ground that the same was sham. Without doubt an answer may be stricken out as sham under C. C. P., § 104, and and so it might have been under the common law pleadings; but then under either system it must be really a sham pleading, that is to say, it must set up matter as a defence which is a mere pretence and has not the color of fact. The design was to prevent vexatious defences by the plea of matter for delay, false in fact, and so known to be to the

pleader. And while in general such a pleading may be stricken out where the falsehood can be clearly shown, we think the power ought not to be exercised in any case where the matter objected to, as presented or in any other form, might constitute a defence. Stephen on Pleading, Rule 9, p. 441; Bliss on Code Pleading, § 422 and note.

Under this view of a sham pleading, the clause of the defendant's answer could not be considered to be of that kind. The defendant therein alleged the executions delivered to him and the claims of the creditors that the deed conveying the goods was executed with intent to hinder and defeat them, and as such was fraudulent and void; and the answer then goes on to aver, that, so believing the deed to be, he levied on and sold the goods. We think the reference to and adoption of the allegations of the creditors as to the *mala fides* of the deed, and the averred action of the defendant, on a belief in the truth of those allegations, was in substance an allegation of the invalidity of the deed by the defendant himself, and was such an averment as that an issue might be made thereon as to the alleged fraud. We hold therefore that the clause objected to was sufficient for the formation of issue as to the alleged fraud, and the matter having the color of fact, the judge was right in refusing to strike it out.

Upon the other point of error assigned by plaintiff, on the refusal of the court to grant judgment for him on the response of the jury to the issue submitted to them, and in the grant of judgment in favor of defendant, *non obstante veredicto*, we are of opinion that His Honor did not err in refusing plaintiff judgment but did, in the grant of judgment to defendant.

Fraud with respect to the deed in trust in question might be of three kinds: fraud *per se* on the facts appearing on the face of the deed, not explainable by evidence *dehors* and not requiring the verdict of a jury, but to be declared

by the court; fraud by presumption of the law rebuttable, to be found a fraud by the jury under the direction of the court, unless there were other facts shown forth in evidence or admitted sufficient in law to rebut the presumption, and then, if there was not fraud of either of these kinds, there might have been fraud in fact, as an open question to the jury under instruction from the court as to what in law would constitute fraud, to be found from the circumstances and the evidence of the motives and intent of the parties. *Hardy* v. *Simpson*, 13 Ired., 132; *London* v. *Parsley*, 7 Jones, 313 ; *Cheatham* v. *Hawkins*, 76 N. C., 335, and same case 80 N. C., 161.

In fraud of the first kind there is nothing to be found by a jury, but in the others there is the fact of fraud to be found according to the artificial weight of the legal presumption, or against it upon the evidence submitted in rebuttal, or to be found as an open question of fact.

The issue submitted to the jury in this case had reference only to the intent in the mind of Bell, attendant on or moving him to the execution of the deed; and upon the supposition that the fraud under investigation was a fraud by presumption, it was entirely immaterial, and the response thereto was of no weight to rebut the presumption.

In *Cheatham* v. *Hawkins*, 80 N. C., 161, the immateriality of the intent in such case was described in the following language by the Chief Justice: "Acts fraudulent in view of the law because of their necessary tendency to delay or obstruct the creditor in the pursuit of his legal remedy, do not cease to be such because the fraud as an independent fact was not then in the mind. If a person does and intends to do that which from its consequences the law pronounces fraudulent, he is held to intend the fraud inseparable from the act." It is evident that the absence of the fraudulent intent in Bell as found by the jury had no efficacy to repel the fraud in legal intendment, and therefore the finding

was wholly immaterial and the refusal of judgment thereon in favor of the plaintiff was not erroneous.

But it remains to consider whether the fraud in the case was one by intendment of the law, and if so, whether it should not have been so found by the jury according to the intrinsic artificial weight of the presumption to be laid down by the court, or upon evidence submitted to them as reasonably sufficient to rebut the fraud.

Under the authority of the case of *Cheatham* v. *Hawkins supra*, the facts of this case being very similar to that, we agree that the deed of Bell to his trustee was not fraudulent and void on its face, but was presumptively so and the presumption was required to be rebutted.

The fraud imputed to the deed whether by presumption or as an open question of fact was drawn into issue upon the pleadings between the parties, and should have been passed upon by the jury under proper directions from the court as before explained, or by the court with a waiver of jury by the parties, of which there is no suggestion in the record; and this being so, there was no fact found or admitted in the record to warrant a judgment for the defendant.

A judgment *non obstante veredicto* is of very restricted application, being proper only, according to the law writers, when a plea is put in confessing the cause of action, and issue is joined or found on an immaterial matter in avoidance, in which case the party against whom the issue is found may have judgment on the confession *non obstante veredicto ;* but that doctrine can have no application for the defendant, if it could in any case, as the fraud by him alleged has never been confessed by the plaintiff.

In our opinion upon the demurrer to evidence by the defendant, His Honor giving the plaintiff the full benefit of any fact on the face of the deed or otherwise proved or reasonably to be inferred therefrom, should have told the jury, if such was his opinion, that there was no evidence

that would justify a finding a rebuttal of the presumption, and should have had the jury to find the fraud.

From the omission of the court to have the fraud in this case found by the jury, there was no foundation or warrant for the judgment for defendant, and the same must be reversed and a *venire de novo* awarded.

Error.                                            *Venire de novo.*