The defendants, J. C. McNeely and wife Naomi, on 5 February, 1885, executed a mortgage deed to the plaintiff, John R. Martin, whereby they conveyed to him three several tracts of land in trust to secure the single bond on the same day made by the said J. C. McNeely, in the sum of $1,250, due and to be paid with interest at the rate of eight per cent per annum from date on or before 5 February, 1887. The mortgage contains the usual clause vesting in the plaintiff the power to make sale of the lands in case of default in payment of either principal or interest after the maturity of the obligation. Such default having occurred, the plaintiff proceeded to advertise and sell the land, at which Thomas B. Pugh and Elisha Holler became the last and highest bidders at the price of $780, no part of which was paid, and they, on 21 November, 1887, assigned their bid to the plaintiff. Upon these allegations in the complaint the plaintiff demands judgment for his debt, possession of the lands, which the defendant J. C. McNeely detains, and for the sale of the lands under a decree of foreclosure for the satisfaction of his said debt.
The defendant, J. C. McNeely, in answer, denies that the bond was in truth, as professing upon its face, given for money borrowed, or for any indebtedness then due the plaintiff, and that the mortgage deed was made as stated in the complaint, or for the purpose therein mentioned, and as a further defense says: That one B. A. Berry, who owned the tract of land described in the mortgage as lying on Linville River, "after much persuasion and representations, induced the defendant, J. C. McNeely, to agree to purchase a one-half interest in said land at the agreed price of $1,250; that after said agreement said Berry persuaded and procured the defendant to agree to execute a mortgage to the plaintiff instead of to the said Berry; that when defendant objected to giving a mortgage upon his home tract of land, worth about $800 (all the land the defendant owned (636) in addition to that he agreed to purchase from Berry on Linville River), as a security for the purchase money of the said Linville tract, the said Berry promised and agreed with the defendant that if he could not pay for said tract he (Berry) would not let the defendant lose anything by the transaction, and especially that he would see *Page 496 
that the defendant did not lose his homestead in any event; and that by reason of said promise and agreement the defendant was induced and persuaded to include his said homestead, described as tracts Nos. 2 and 3, in the mortgage; that defendant was afterwards informed by the plaintiff that he did not pay or loan any money to said Berry, and that no money passed between them."
These transactions the defendant alleges constituted a fraud practiced upon him from which he is entitled to be relieved, and he avers that the plaintiff was cognizant of them all, and he demands that the mortgage, so far as it embraces the homestead lands, be declared null, and that the defendant be allowed to pay the interest on said bond in lieu of rents, and the bond itself, upon such payment, be canceled and the mortgage also, and to this end an account be taken, etc.
The said Berry having been made a party at the instance of the defendant McNeely, filed his answer, in which summarily stated, he makes this explanation of the transactions wherein he participated and which are charged to be fraudulent. He says that he was indebted to the plaintiff for borrowed money in a sum larger than that mentioned in the bond, and that in his negotiation with McNeely for the sale of the half interest in the land he then owned on Linville River, at the price of $1,250 agreed on between them, McNeely wanted time for the payment, to which respondent answered that as he desired to pay off his debt to the plaintiff, he would see and ascertain from him if he would accept the proposed bond for the purchase (637) money in exchange for respondent's indebtedness to the plaintiff, to which the plaintiff assented; that when the plaintiff and McNeely came together to arrange and settle the matter, the former was unwilling to take the land for which the bond was given as security, and required other and further security, and in consequence the two other tracts were agreed to be put in the mortgage deed, and it was accordingly so drawn as to convey all these tracts.
The respondent disavows and denies the practice of any unfair means to bring about the adjustment, and alleges the defendant's mismanagement of the property as the cause of its deterioration in value, and the consequent embarrassments in which he has become involved.
Upon the trial the defendant McNeely moved to dismiss the action upon the grounds:
1. That the complaint shows upon its face that the court has no equitable jurisdiction of the action; that the power of sale in the mortgage set up has been exercised, the mortgage foreclosed by sale, and the legal title is, or ought to be, in plaintiff. *Page 497 
2. That complaint does not state a cause of action.
The court allowed plaintiff to amend complaint by alleging that defendant wrongfully withholds possession of the premises, and by adding a prayer to recover possession, and denied the motion to dismiss.
The court being of opinion that the allegation in the answer of defendant, McNeely, of the cotemporaneous parol agreement by Berry not to sell under the mortgage, was not a sufficient answer to the proceeding for a foreclosure under the mortgage, adjudged that upon complaint and answer, the plaintiff was entitled to recover. The defendant, McNeely, excepted. The plaintiff thereupon stated that he was willing that the defendant, McNeely, might elect to treat the sale made under the power in the mortgage as valid or invalid. The defendant McNeely, without prejudice to his legal rights (638) to insist upon the above exceptions, elected to consider the sale heretofore made under the power in the mortgage as a nullity, and the court signed judgment for a foreclosure, requiring the Linville tract to be first sold, and if that should prove insufficient to pay the debt, then for a sale of the other two tracts embraced in the mortgage.
From this judgment defendant, McNeely, appealed.
The complaint in its statement of facts attending the sale, evidently intended to place at the option of the Mortgagor the confirmation or rejection of the sale, which was the real equitable relation in which he stood towards it. He had the right to hold the plaintiff to his purchase, or to repudiate what had been done and hold the plaintiff still to his position as mortgagee unchanged by what had transpired. The election is with the mortgagor. The matter is fully considered in Gibson v. Barbour, decided at the last term and reported in 100 N.C. 192.
The objection, however, if possessed of any force, is removed by the mortgagor's assent to the plaintiff's proposition to treat the attempted sale as a nullity. Thus the apparent purpose of the allegations in this respect has been attained.
The second objection, that the complaint fails to state facts constituting a cause of action, is equally untenable.
Under the amendment the action is for the recovery of possession of the lands and a judgment for foreclosure and sale of the lands, under the direction of the court, for the satisfaction of the secured bond. This action of the court is warranted by the ruling in Robinson v. Willoughby,67 N.C. 84. *Page 498 
(639) The alleged equity arising out of the promise of the defendant Berry to protect the mortgagor from loss or detriment in making the deed, cannot avail to obstruct the plaintiff in the pursuit of his remedies under the mortgage deed, even if it were made known to the plaintiff. He was no party to the personal undertaking of Berry upon which the said McNeely appears to have relied, which is aside from and does not enter into the conveyance or abridge the plaintiff's legal rights. If he has any redress, it must be upon the personal engagement of Berry himself. Moreover, if the verbal indemnity against damage was given, most obviously it could not have the effect of becoming an element in the transaction with the plaintiff, and to allow it would be to violate the uniform and consistent rulings of the Court, and to disregard the Statute of Frauds.Walters v. Walters, 11 Ired., 145; Kessler v. Hall, 64 N.C. 60; Bonham v.Craig, 80 N.C. 224; Boone v. Hardie, 87 N.C. 72, cited by counsel.
Upon the facts presented in the pleading and in the answer of the defendant, McNeely, the plaintiff's right to the relief demanded is manifest, and no defense is shown thereto.
There is no error, and the judgment must be
Affirmed.
Cited: Taylor v. Hunt, 118 N.C. 172.
(640)