ELSIE E. BROOCKS AND HUSBAND, T. A. BROOCKS, v. CONSTANCE L. MUIRHEAD AND WILLIAM MUIRHEAD.

(Filed 5 June, 1942.)

**Pleadings § 29—**

Where defendants file answer denying material allegations of the complaint, the court is without authority, on plaintiffs' motion to strike out the answer as sham and irrelevant, C. S., 510, to hear evidence, find facts *contra* the allegations and denials of the answer, and thereupon strike said allegations and denials and grant plaintiffs' motion for judgment on the pleadings.

APPEAL from *Parker, J.,* at February Term, 1942, of DURHAM.

*Hedrick & Hall for plaintiffs, appellees.*
*J. L. Morehead for defendants, appellants.*

SEAWELL, J.   This action was brought to have Elsie Broocks declared legally owner of an easement for ingress and egress upon a certain alleged alleyway upon which her premises are alleged to abut, to have defendants enjoined from obstructing the alleyway, and to have issued a mandatory injunction to compel the defendants to remove obstructions placed by them in the alleged alleyway opposite defendants' premises.

The plaintiffs filed their complaint, developed in much evidentiary detail, with many references to maps, deeds, and other documents, and with many exhibits appended relating to their title and to negotiations with the defendants during the controversy preceding the commencement of the action.   The defendants answered the allegations of the complaint specifically, admitting some and denying others, particularly those with reference to the existence of the alleyway and plaintiffs' alleged right therein, which they denied both in the main answer and in the further defense.

The plaintiffs moved to strike out the answer as sham and irrelevant. C. S., 510.   Upon this motion, the judge took evidence, and "the plaintiffs having offered evidence in support of the motion, to which evidence the defendants neither objected nor excepted," found facts in favor of plaintiff, *contra* the allegations and denials of the answer; and struck out about twenty paragraphs of the answer, generally described as "denying, or tending to deny, the existence of an alleyway."   Upon this alteration in the answer, he gave judgment to the plaintiffs upon the pleadings, declaring the title of the *feme* plaintiff to the easement in the alleyway and granting her the injunctive relief prayed for in the complaint.

Upon an inspection of the record, the court is of opinion that the court below exceeded its authority in hearing evidence upon the merits upon plaintiffs' motion.   The judgment is, therefore, set aside, and the cause is remanded to the lower court for further procedure.

Error and remanded.