PENN DIXIE LINES, INC., v. JONAS GRANNICK.

(Filed 11 November, 1953.)

**1. Compromise and Settlement § 1—**
The law favors the settlement of controversies out of court and encourages such action by decreeing that an offer to compromise the controversy involved in a litigation is inadmissible in evidence.

**2. Compromise and Settlement § 2—**
An extrajudicial compromise settlement made by a party with one person cannot be shown in evidence in a subsequent lawsuit arising out of the same transaction between such party and another person.

**3. Pleadings § 31—**
An allegation of fact is irrelevant and ought to be stricken from the pleading on motion if the fact pleaded is not legally receivable in evidence on the trial.

**4. Same—**

A motion to strike an allegation from a pleading for irrelevancy admits, for the purpose of the motion, the truth of all facts well pleaded in the allegation, and any inferences of fact deducible therefrom, but it does not admit conclusions of the pleader.

**5. Compromise and Settlement § 2—**

A compromise agreement is conclusive between the parties as to the matters compromised, but it does not extend to matters not included within its terms.

**6. Compromise and Settlement § 2: Pleadings § 31: Automobiles § 18a— Settlement between drivers and guests does not preclude drivers from litigating between themselves liability for the collision.**

Where a collision between the motor vehicle of plaintiff and the motor vehicle of defendant results in personal injuries to third persons riding in the motor vehicle of defendant, and the plaintiff and defendant, acting in concert, execute an extrajudicial compromise settling the claims made against them by the injured passengers, the compromise settlements do not bar a subsequent action in negligence by plaintiff against the defendant for damage done to the plaintiff's motor vehicle in the same collision, and the denial of plaintiff's motion to strike the paragraph of the answer setting forth the compromise agreements as a defense is prejudicial error.

**7. Parties § 9: Insurance § 51: Pleadings § 31—**

In an action to recover damages to plaintiff's vehicle resulting from a collision with a vehicle of defendant, allegations to the effect that plaintiff had been paid in full by its insurer for such damages are relevant, since in such instance plaintiff is not entitled to maintain the cause of action.

**8. Pleadings § 31—**

Defendant alleged as a defense that plaintiff had been paid by its insurer in full for the loss in suit. The court, solely on the basis of a mere conclusory affidavit filed by plaintiff, struck this defense from the answer on the ground that it constituted a sham defense within the purview of G.S. 1-126. *Held:* The striking of the defense was error, since the record does not indicate in any way that the defense was a mere pretense set up by defendant in bad faith and without color of fact.

WINBORNE, J., dissents.

APPEALS by plaintiff and defendant from *Burgwyn, Special Judge,* at the March Term, 1953, of HARNETT.

Civil action to recover damages for actionable negligence heard upon motion to strike allegations from answer.

Ellis Avenue, which runs north and south, and West Broad Street, which runs east and west, intersect and cross each other in the corporate limits of the Town of Dunn. On 17 February, 1952, a Ford tractor, which was owned by Clark P. Craumer and operated by William J. Reichert, pulled a loaded trailer belonging to the plaintiff Penn Dixie Lines, Inc., southward along Ellis Avenue. The tractor-trailer combina-

tion collided with a west-bound Dodge automobile owned and operated by the defendant Jonas Grannick at the intersection of Ellis Avenue and West Broad Street. The collision damaged the tractor, the trailer, the cargo of the trailer, and the Dodge car, and injured Bernard Saks and Morton Vogelson, who were riding in the Dodge car.

On 3 November, 1952, the plaintiff brought this action against the defendant to recover compensation for the loss suffered by it on account of the damage to the trailer and its cargo. The complaint charges in detail that such damage was occasioned by the actionable negligence of the defendant in the management of his automobile.

The defendant answered, denying actionable negligence on his part and pleading contributory negligence on the part of the driver of the tractor-trailer combination. The answer pleads additionally this new matter:

1. "For a third further answer and defense, defendant alleges: (1) That at the time of the aforesaid motor vehicle collision two passengers, Morton Vogelson and Bernard Saks, were riding in the automobile of the defendant; that said passengers sustained severe personal injuries in said collision as a result of which each of them made claim against the plaintiff, Penn Dixie Lines, Inc., and this defendant for damages on account of said personal injuries; that thereafter representatives of the plaintiff and the defendant negotiated settlements of said claims with said claimants in the State of New York where said claimants resided, a portion of the consideration for said settlements being paid on behalf of the plaintiff and the remaining portion being paid on behalf of this defendant; that said claimants thereupon signed full releases absolving the plaintiff and this defendant from any further liability on account of said injuries; and that if this defendant was ever legally liable to this plaintiff by reason of any of the matters set forth in the complaint, which is again hereby expressly denied, said releases completely terminated any such liability and the same are hereby pleaded in bar of any recovery by the plaintiff herein."

2. "For a fourth further answer and defense, defendant alleges: (1) Upon information and belief that the plaintiff was insured with respect to the damages alleged in the complaint in a policy of motor vehicle collision insurance written by State Automobile Insurance Association, an insurance company authorized and existing under and by virtue of the laws of the State of Indiana; that pursuant to said policy of insurance, said insurance company has paid to the plaintiff the damages alleged in the complaint in this action and has in law and by virtue of the terms of said insurance policy become subrogated to the rights of plaintiff, if any, against this defendant. (2) That said insurance company, and not the plaintiff, is the real party in interest in this action and should be made a party plaintiff hereto."

The plaintiff moved to strike the third further answer and defense as irrelevant, and the fourth further answer and defense as sham. The motion was accompanied by the *ex parte* affidavit of an officer of the State Automobile Insurance Association, which contained the conclusory statement that the Association has never paid to the plaintiff the full amount of the damages suffered by it in the collision.

On the hearing of the motion to strike, the presiding judge concluded as a matter of law "that the allegations contained in the third further answer and defense are relevant" and declined to strike them from the answer. The plaintiff excepted and appealed, assigning this ruling as error.

The presiding judge found as a fact on the basis of the affidavit of the officer of the State Automobile Insurance Association "that the allegations contained in the fourth further answer and defense are untrue," and struck them from the answer. The defendant excepted and appealed, assigning this ruling as error.

*Talmadge L. Narron for plaintiff, appellant and appellee.*

*A. J. Fletcher, F. T. Dupree, Jr., and G. Earl Weaver for defendant, appellant and appellee.*

Ervin, J. Inasmuch as the motion to strike the third further answer and defense from the answer is based on its supposed irrelevancy, the plaintiff's appeal presents this question for decision: Where a collision between the motor vehicles of the plaintiff and the defendant results in personal injuries to third persons riding in the motor vehicle of the defendant, and the plaintiff and the defendant, acting in concert out of court, compromise and settle extrajudicial claims made against them by the injured third persons, do the compromise settlements bar a subsequent action in negligence by the plaintiff against the defendant for damage done to the plaintiff's motor vehicle in the same collision?

Although actions arising out of motor vehicle collisions are almost as numerous as the "autumnal leaves that strow the brooks in Vallambrosa," a diligent and protracted search has not unearthed a decision answering this precise question. For this reason, we turn to the authorities summarized below for the solution of this problem.

1. The law favors the settlement of controversies out of court. *Patrick v. Bryan,* 202 N.C. 62, 162 S.E. 207; *Armstrong v. Polakavetz,* 191 N.C. 731, 133 S.E. 16; 11 Am. Jur., Compromise and Settlement, section 4. It encourages such action by securing to every man the opportunity to negotiate for the purchase of his peace without prejudice to his rights. 31 C.J.S., Evidence, section 285. To this end, the law declares that evidence of an offer to compromise the controversy involved in a litigation

is inadmissible. *Merchant v. Lassiter,* 224 N.C. 343, 30 S.E. 2d 217; *Stein v. Levins,* 205 N.C. 302, 171 S.E. 96; *Greensboro v. Garrison,* 190 N.C. 577, 130 S.E. 203; *Baynes v. Harris,* 160 N.C. 307, 76 S.E. 230; *Peeler v. Peeler,* 109 N.C. 628, 14 S.E. 59; *Hughes v. Boone,* 102 N.C. 137, 9 S.E. 286; *Smith v. Love,* 64 N.C. 439; *Lucas v. Nichols,* 52 N.C. 32; *Daniel v. Wilkerson,* 35 N.C. 329; *Poteat v. Badget,* 20 N.C. 349; Michie: The Law of Automobiles in North Carolina, section 277; Stansbury: North Carolina Evidence, section 180; 31 C.J.S., Evidence, section 285.

2. Moreover, in North Carolina and the majority of other American jurisdictions, the law decrees that a compromise settlement made by a party with a third person cannot be shown in evidence in a subsequent lawsuit between the party and another person arising out of the same transaction. *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; *Herring v. Coach Co.,* 234 N.C. 51, 65 S.E. 2d 505; *Sprinkle v. Ponder,* 233 N.C. 312, 64 S.E. 2d 171; 31 C.J.S., Evidence, section 292. "The reason for the rule is that the law favors the settlement of controversies out of court, and, if a man could not settle one claim out of court without fear that this would be used in another suit as an admission against him, many settlements would not be made." *Fenberg v. Rosenthal,* 348 Ill. App. 510, 109 N.E. 2d 402; *Hill v. Hiles,* 309 Ill. App. 321, 32 N.E. 2d 933; *Powers' Adm'r v. Wiley,* 241 Ky. 645, 44 S.W. 2d 591.

3. An allegation of fact is irrelevant and ought to be stricken from a pleading on motion if the fact pleaded is not legally receivable in evidence on the trial. *Pemberton v. Greensboro,* 203 N.C. 514, 166 S.E. 396; *Johnson v. Herring,* 89 Mont. 156, 295 P. 1100.

4. A motion to strike an allegation from a pleading for irrelevancy admits, for the purpose of the motion, the truth of all facts well pleaded in the allegation, and any inferences fairly deducible from them. But it does not admit the conclusions of the pleader. *Kurtzon v. Kurtzon,* 395 Ill. 73, 69 N.E. 2d 341; 71 C.J.S., Pleading, section 451.

5. Compromise agreements are governed by the legal principles applicable to contracts generally. As a consequence, a compromise agreement is conclusive between the parties as to the matters compromised. *Snyder v. Oil Co., supra; Sutton v. Robeson,* 31 N.C. 380; 11 Am. Jur., Compromise and Settlement, section 25. But it does not extend to matters not included within its terms. 15 C.J.S., Compromise and Settlement, section 27.

The task of applying these principles to the plaintiff's appeal must now be performed.

The third further answer and defense affords no factual foundation whatever for any contention that the plaintiff and the defendant actually compromised the controversy involved in this action. When that portion

of the answer is stripped of the conclusions of the pleader, it discloses that the plaintiff and the defendant merely purchased from Saks and Vogelson such peace as Saks and Vogelson could sell.

This being true, the allegations relating to the extrajudicial settlements of the plaintiff and the defendant with Saks and Vogelson have no proper place in the answer in this case, unless logic is willing to accept the plaintiff's participation in the settlements as an implied admission on its part of at least partial legal responsibility for the damage to its property, and unless the law is willing to accept the defendant's participation in the settlements as a sufficient reason for abrogating the salutary principle of public policy which favors and encourages the settlement of controversies out of court.

Logic would ignore the facts of life if it accepted the plaintiff's participation in the extrajudicial settlements with Saks and Vogelson as an implied admission of legal culpability on its part. It costs time, trouble, and money to defend claims, whether well founded or not, and prudent persons constantly purchase their peace against unfounded claims to avoid these outlays. *Georgia Ry. & Electric Co. v. Wallace & Co.,* 122 Ga. 547, 50 S.E. 480. Dean Wigmore had this common knowledge in mind when he made this observation: "The true reason for excluding an offer of compromise is that it does not ordinarily proceed from and imply a belief that the adversary's claim is well founded, but rather a belief that the further prosecution of that claim, whether well founded or not, would in any event cause such annoyance as is preferably avoided by the payment of the sum offered; in short, the offer ,implies merely a desire for peace, not a concession of wrong done." Wigmore on Evidence (2d Ed.), section 1061. The validity of our conclusion in respect to the probative value of the plaintiff's settlements with the third persons is not impaired in any wise by the defendant's participation in the settlements. This is true because we cannot look to the conduct of the defendant for implied admissions of the plaintiff.

The relevant authorities make it crystal clear that the sound principle of public policy which favors settlement of controversies out of court would have precluded the defendant from invoking the settlements with Saks and Vogelson as a defense to the cause of action stated in the complaint if the settlements had been made by the plaintiff alone. We have cudgeled our brains and searched the authorities to ascertain whether there is any valid reason why the defendant's participation in the settlements with the third persons should set at naught this sound principle of public policy in the case at bar. We have discovered no such reason. Indeed, it seems to us that the ever increasing number of motor vehicle collisions with their resultant multiple injuries rather demands that the

courts enforce without relaxation in cases like this the salutary rule that the law favors the extrajudicial settlement of controversies.

It is a far cry from the question arising on the plaintiff's appeal to the matters under review in the portions of the opinions in *Coach Co. v. Stone,* 235 N.C. 619, 70 S.E. 2d 673; *Snyder v. Oil Co., supra,* and *Herring v. Coach Co., supra,* invoked by the defendant.

The compromise of the plaintiff and the defendant with Saks and Vogelson did not include the controversy involved in the claim for damages made by the plaintiff against the defendant in this case; whereas, the extrajudicial compromise between the Kenan Oil Company and Mary P. Dixon adjusted the exact controversy involved in the claim for contribution made by the Kenan Oil Company against Mary P. Dixon in the *Snyder case,* and the judicial compromise between the Queen City Coach Company and Mabel Spivey, Administratrix of Paul Spivey, settled the identical controversy involved in the claim for contribution made by the Queen City Coach Company against Mabel Spivey, Administratrix of Paul Spivey, in the *Herring case.* Moreover, the settlements under consideration in the instant action were made by contract out of court, and did not involve any judicial adjudication in respect to the claim of the plaintiff against the defendant; whereas, the settlements under scrutiny in the *Snyder* and *Stone cases* were made by consent judgments in court, and involved judicial adjudications establishing the invalidity of the claim of the Queen City Coach Company against Mabel Spivey, Administratrix of Paul Spivey, and the claim of the Lumberton Coach Company against H. W. Stone.

What has been said compels the conclusion that the third further answer and defense should have been stricken from the answer for irrelevancy. It is obvious, we think, that its retention in the answer is likely to cause harm or injustice to the plaintiff. *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185.

This brings us to the appeal of the defendant. When he struck the fourth further answer and defense from the answer, the presiding judge purported to act under the statute now codified as G.S. 1-126, which specifies that "Sham and irrelevant answers and defenses may be stricken out on motion, upon such terms as the court may in its discretion impose."

The fourth further answer and defense alleges, in substance, that the plaintiff insured its trailer and cargo against loss by collision with a specified insurance company; that the insurance company paid the plaintiff in full for the loss suffered by it in the collision mentioned in the complaint; and that in consequence the insurance company is the sole owner of the cause of action, which the plaintiff is attempting to assert against the defendant.

These allegations are certainly relevant, for they undoubtedly state a defense to the cause of action alleged in the complaint. *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231.

The presiding judge found as a fact upon a mere conclusory affidavit submitted by the plaintiff "that the allegations contained in the fourth further answer and defense are untrue," and struck the fourth further answer and defense from the answer on the ground that it constituted a sham defense within the purview of the statute. The presiding judge erred to the defendant's prejudice in thus rejecting the fourth further answer and defense. This is necessarily so because the record does not indicate in any way that this defense is a mere pretense set up by the defendant in bad faith and without color of fact. *Boone v. Hardie,* 83 N.C. 470. See, also, in this connection: *Broocks v. Muirhead,* 221 N.C. 466, 20 S.E. 2d 273.

This cause is remanded to the Superior Court of Harnett County for further proceedings agreeable to this opinion.

On plaintiff's appeal, error and remanded.

On defendant's appeal, error and remanded.

WINBORNE, J., dissents.