DONALD DEMBINSKI, Plaintiff,
v.
STAGE RIGGING SERVICES, INC., LDL Inc. d/b/a HARRIS-JOHNSON INDUSTRIES, LESLIE MARTIN, and LEWIS TYSOR, Defendants.
No. COA09-895.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Tuggle Duggins & Meschan, P.A., by Denis E. Jacobson and Jeffrey S. Southerland, for plaintiff-appellant.
Forman Rossabi Black, P.A., by Emily J. Meister and Ameil J. Rossabi, for defendants-appellees.
HUNTER, Robert C., Judge.
Plaintiff Donald Dembinski appeals from the trial court's order (1) setting aside a default judgment against corporate defendants Stage Rigging Services, Inc. ("SRS") and LDL, Inc. and (2) denying enforcement of a purported settlement agreement between plaintiff, the corporate defendants, and the individual defendants Leslie E. Martin and Lewis D. Tysor, two of the corporate defendants' officers, directors, and shareholders. Because plaintiff's appeal is interlocutory and plaintiff has failed to demonstrate that the trial court's order affects a substantial right, we dismiss plaintiff's appeal.
Plaintiff filed a complaint against defendants on 22 October 2007, asserting claims for breach of contract, breach of fiduciary duty, unfair and deceptive trade practices, and dissolution of the corporations  all arising out of defendants' alleged failure to purchase plaintiff's interest in SRS and LDL pursuant to a verbal contract. Attorney Harold W. Beavers, who had represented defendants in other matters, made a general appearance on behalf of defendants requesting an extension of time to file any responsive pleadings. Mr. Beavers subsequently withdrew as counsel of record for defendants without notifying defendants. Plaintiff obtained a default judgment against the corporate defendants in the amount of $394,092.03, and, subsequently, a settlement agreement was purportedly entered into by the parties. As a result of the settlement agreement, plaintiff received payment of $332,500.00, title of a Ford truck, and mortgage payments were made on property owned by plaintiff in Florida.
Mr. Beavers was disbarred on 20 August 2008 for misappropriating funds from client and trust accounts. After Mr. Beavers' disbarment, defendants retained new counsel, who filed a motion to stay execution of plaintiff's default judgment and to set aside the purported settlement agreement as well as a motion for relief from the default judgment pursuant to N.C. R. Civ. P. 60(b). In response, plaintiff filed a motion to enforce the purported settlement agreement. After the trial court conducted a hearing on the parties' motions, it entered an order on 11 March 2009, finding that Mr. Beavers had failed to notify defendants that he was not representing them in the legal proceedings beyond his initial appearance and that "Defendants believed Attorney Beavers was representing them" in the action. The court also found that Mr. Beavers had forged defendants' signatures on their pleadings, "making it appear as if Defendants were proceeding pro se." The trial court thus concluded that "[d]efault judgment was improvidently granted against the corporate defendants . . . ." The court thus granted defendants' Rule 60(b) motion and set aside the default judgment against the corporate defendants.
With respect to the purported settlement agreement, the trial court found that Mr. Beavers had entered into settlement negotiations with plaintiff and his counsel without defendants' knowledge or consent; that he had forged defendants' signatures on the agreement; and that he had "made payments to Plaintiff towards the purported obligations of Defendants . . . ." Based on these findings, the court concluded that Mr. Beavers lacked "authority to compromise his clients' cause" and, consequently, the purported settlement agreement was "void." Consequently, the trial court granted defendants' motion to set aside the agreement. Plaintiff timely appealed to this Court.
Plaintiff argues that the trial court erred in setting aside the default judgment pursuant to N.C. R. Civ. P. 60(b) and denying enforcement of the purported settlement agreement. As the challenged order is interlocutory in that "it does not determine the issues but directs some further proceeding preliminary to final decree[,]" Greene v. Laboratories, Inc., 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961), this Court must determine whether this appeal is properly before the Court for review.
An interlocutory order is immediately appealable in only two circumstances: (1) when the trial court certifies that there is no just reason for delay of the appeal under N.C. R. Civ. P. 54(b); or (2) when the interlocutory order affects a substantial right of the appellant that would be lost without immediate review. Sharpe v. Worland, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999). As the trial court did not certify its order for immediate review under N.C. R. Civ. P. 54(b), appellate jurisdiction exists, if it exists at all, under the substantial-right exception. Plaintiff, as the party seeking immediate appeal from an interlocutory order, bears the burden of showing that immediate review is necessary to prevent loss of a substantial right. Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).
"Our courts have consistently held that appeals from orders allowing a Rule 60 motion `must be dismissed as interlocutory.'" Robinson v. Gardner, 167 N.C. App. 763, 767, 606 S.E.2d 449, 452 (quoting Braun v. Grundman, 63 N.C. App. 387, 388, 304 S.E.2d 636, 637 (1983)), disc. review denied, 359 N.C. 322, 611 S.E.2d 417 (2005); accord Bailey v. Gooding, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980) (holding appeal from order granting Rule 60 motion was "[u]nquestionably" interlocutory). Plaintiff nonetheless argues that the trial court's order affects a substantial right in that it "deprive[s] [him] of his right to negotiate, and, ultimately compromise his claims against defendants." In support of his contention, plaintiff cites Dixie Lines v. Grannick, 238 N.C. 552, 78 S.E.2d 410 (1953). While Dixie Lines stands for the general proposition that "[t]he law favors the settlement of controversies out of court[,]" id. at 555, 78 S.E.2d at 413, it does not address whether settlement of a disputed claim is a substantial right the loss of which entitles a party to immediate review of an interlocutory order.
Contrary to plaintiff's contention, this Court has held that an appeal from a trial court's order denying enforcement of a settlement agreement between the parties does not affect a substantial right. See Milton v. Thompson, 170 N.C. App. 176, 179, 611 S.E.2d 474, 477 (2005) (holding trial court's order refusing to enforce settlement agreement in personal injury action did not affect substantial right). As the "only effect" of the trial court's order "is to require [plaintiff] to face a trial on the merits," it does not affect a substantial right that "cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits." Metcalf v. Palmer, 46 N.C. App. 622, 624, 265 S.E.2d 484, 484 (1980).
Alternatively, plaintiff asks this Court to review the trial court's order pursuant to a writ of certiorari under N.C. R. App. P. 21(a)(1). Plaintiff's request, made in his appellant's brief, does not comply with the requirements for a petition for writ of certiorari set out in N.C. R. App. P. 21(c). We decline to use N.C. R. App. P. 2, which provides this Court with the discretion to suspend or vary the requirements of our appellate rules, to correct the deficiencies in plaintiff's purported petition for writ of certiorari. See State v. McCoy, 171 N.C. App. 636, 638-39, 615 S.E.2d 319, 321 (refusing to review belated appeal pursuant to N.C. R. App. P. 21 as footnote in appellant's brief requesting that brief be treated as alternative petition for writ of certiorari did not meet requirements of N.C. R. App. P. 21(c)), appeal dismissed, 360 N.C. 73, 622 S.E.2d 626 (2005). Accordingly, plaintiff's appeal is dismissed.
Appeal Dismissed.
Chief Judge MARTIN and Judge ERVIN concur.
Report per Rule 30(e).