HERSHEY CORPORATION v. ATLANTIC COAST LINE RAILROAD COMPANY, ATLANTIC AND YADKIN RAILWAY COMPANY, NORFOLK SOUTHERN RAILROAD COMPANY, AND (ASHEBORO GROCERY COMPANY, ADDITIONAL PARTY DEFENDANT).

(Filed 10 October, 1934.)

**1. Parties A a—Question of whether plaintiff was real party in interest held not determinable by motion before introduction of evidence.**

Plaintiff, a shipper of goods by rail, instituted this action against the carrier to recover damages sustained by the loss of the goods, alleging negligence of the carrier.   Before a jury was impaneled, defendant carrier, upon depositions taken by plaintiff, moved to dismiss the action, for that the depositions showed that the loss had been paid to plaintiff by insurance companies, and that therefore plaintiff was not the real party in interest.   C. S., 446.   Over plaintiff's objection, the court granted the motion, stating that the same question would be presented by a motion of nonsuit after the evidence, C. S., 567, and that by this procedure the same result would be reached with less cost:   *Held,* the court had no jurisdiction to anticipate what the evidence would be on the issue raised by the pleadings or whether plaintiff was the real party in interest, plaintiff not being bound to introduce the depositions in evidence, or if they were introduced, plaintiff having the right to controvert the facts therein shown, thus raising an issue for the determination of the jury.   C. S., 556.

**2. Jury C a—**

Right to a jury trial is guaranteed by our Constitution, Art. I, sec. 19, and where the parties do not consent to trial by the court, the court may not determine, prior to the introduction of evidence, an issue of fact joined by the pleadings.

STACY, C. J., concurs in result.

APPEAL by plaintiff from *Barnhill, J.,* at January-February Term, 1934, of LEE.    Reversed.

This is an action instituted by the plaintiff to recover of the defendants $1,227.90 damages for negligently allowing the destruction by water of a carload of sugar, shipped by the plaintiff to the Asheboro Grocery Company, over the lines of the carrier defendants from Wilmington, N. C., to Asheboro, N. C.

The action was dismissed as to the Atlantic Coast Line Railroad Company, upon demurrer, from which no appeal was prosecuted.

The defendant Asheboro Grocery Company filed answer and admitted the allegations of the plaintiff, including the allegation in the amended complaint that it, the consignee, had refused to receive the shipment and to complete the contract of sale, and that said contract had been rescinded by mutual consent, and the plaintiff was the party injured and aggrieved by the negligence of the carrier defendants.    The grocery company, therefore, was not affected by the order of his Honor and is not involved in this appeal.

From the action of the court, taken upon the motion of defendants, in finding certain facts and thereupon entering judgment dismissing the action from the docket and adjudging that the defendants Atlantic and Yadkin Railroad Company and the Norfolk Southern Railroad Company go hence without day and recover their costs, the plaintiff appealed, assigning errors.

*T. J. McPherson and K. R. Hoyle for appellant.*
*H. McD. Robinson, D. B. Teague, and C. M. Bain for Norfolk Southern Railroad Company.*
*Frank P. Hobgood for Atlantic and Yadkin Railway Company.*

SCHENCK, J.   From the record it appears that the judgment in this case was entered upon the motion of the carrier defendants that this case be dismissed for that the real parties in interest were the insurance companies, which, according to testimony of witnesses appearing by depositions taken by the plaintiff, had heretofore paid to the plaintiff in full the amount of the damage herein sought to be recovered; and it further appears that, upon consideration of said motion, said depositions were offered in evidence and the court reached the opinion that the payment by the insurance companies to the plaintiff constituted a settlement of the claim herein sued upon, and that the agreement accompanying the depositions, which was also introduced by the defendants, had the effect of constituting the plaintiff a collecting agent for the insurance companies as against these defendants, and that, therefore, the plaintiff was not the real party in interest as contemplated by the pertinent statute.

The judgment reads in part: "It further appears to the court that upon a trial of this cause before a jury that this question would necessarily be presented upon a motion of nonsuit, and that the action would have to be dismissed for the reason assigned, and that for the court to dispose of the cause upon motion arrives at the same effect without the necessity of consuming time and expense in impaneling a jury and offering evidence so that the same question may be presented upon a question of nonsuit; the only difference involved being the question of procedure." Whereupon the court dismissed the action and taxed the plaintiff with the costs.

The action of his Honor presents the question as to whether the court had jurisdiction, upon motion of the defendants and without consent of the plaintiff, when issue had been joined upon the pleadings, to anticipate what the evidence of the plaintiff would be upon such issue, and to find the facts upon such anticipated evidence, and upon such findings to dismiss the action, without impaneling a jury. This question must be answered in the negative.

His Honor could not have foreseen and known what evidence would have been introduced had a jury been impaneled. In the first place, while the plaintiff may have taken the depositions, it was not required to introduce them in evidence, and if it had so introduced them it would not of necessity have been bound by them and precluded from introducing other evidence. In the second place, if the defendants had introduced the depositions in evidence, the plaintiff would have had a right to controvert the facts therein shown, although the depositions were taken by it. Therefore, if the depositions, upon which his Honor based his findings of fact to support his order dismissing the action, had been introduced by either party, issuable facts might have arisen, which the plaintiff would have been entitled to have had passed upon by a jury.

C. S., 567, provides that a motion for judgment as in case of nonsuit may be made when the plaintiff "has introduced his evidence and rested his case," and may be renewed "after all the evidence on both sides is in." C. S., 556, provides that "an issue of fact must be tried by a jury." What the evidence would have been in this case had a jury been impaneled could not be anticipated by the court, and the court was without jurisdiction to try the issues of fact which arose upon the pleadings.

The ancient mode of trial by jury is derived from the common law, is guaranteed by the Constitution, and is provided for by statute. It "is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." N. C. Const., Art. I, sec. 19.

One of the issues joined on the pleadings in this case, which might be determinative of the rights of litigants therein, is whether the plaintiff is the real party in interest. C. S., 446. On this issue the plaintiff

was entitled to a trial by jury. *Andrews v. Pritchett,* 66 N. C., 387; *Wilson v. Bynum,* 92 N. C., 717; *Crews v. Crews,* 175 N. C., 168; *Grantham v. Nunn,* 188 N. C., 239.

In the case of *Cozad v. Johnson,* 171 N. C., 637, *Hoke, J.,* says: "We find nowhere in the record as now presented any consent of parties that the court should try the cause, and unless this is made to appear, and in the way prescribed by statute, the issues raised by the pleadings, under our Constitution and system of procedure, must be decided by a jury." The record does not disclose any consent of the parties that the court should try this cause, but, on the contrary, reveals that the plaintiff was at all times objecting to the court's so doing.

Reversed.

STACY, C. J., concurs in result.