HATTIE McCULLERS v. OMSTER JONES.

(Filed 23 November, 1938.)

**Trial § 18—**

    Where the parties do not waive trial by jury, nor consent that the court find the facts, it is error for the court to enter judgment without the aid of the jury on the controverted issues of fact raised by the pleadings.

APPEAL by defendant from *Cowper, J.,* at February Term, 1938, of WAKE. Error and remanded.

*L. Bruce Gunter and T. Lacy Williams for plaintiff.*
*Wm. B. Oliver and W. I. Rowland for defendant.*

DEVIN, J. The plaintiff instituted her action to recover the sum of $100.00 alleged to be due her by the defendant for rent of land. She alleged that she and defendant were tenants in common of the land by virtue of a quitclaim deed executed to them by the heirs of their brother, D. H. Jones, former owner of the land, who died in 1936, and that defendant had agreed to pay her this sum as rent for her share of the land for the year 1937. She further alleged that defendant cultivated the land during 1937 but had failed and refused to pay her the agreed rent. The defendant in his answer alleged that he was sole seized of said land by virtue of a deed executed and delivered to him by D. H. Jones in 1934, that this deed had been lost or mislaid and was not recovered until the fall of 1937, and that any agreement to pay rent on his own land was without consideration and void.

Upon the trial, after a jury had been impaneled to try the issues raised by the pleadings, the plaintiff offered in evidence the quitclaim deed for the land from the heirs of D. H. Jones (dated 8 January, 1937), to plaintiff and defendant, and also the rental agreement for the year 1937, wherein the defendant agreed to pay $100.00 rent for the undivided share of the plaintiff.

The defendant offered in evidence the duly recorded deed from D. H. Jones to himself, dated 16 November, 1934, wherein the land was conveyed for a recited valuable consideration, and offered testimony tending to show delivery of the deed to him by the grantor on the day of its execution.

Thereupon the court, taking the view that the defendant "could not get along on that testimony," and that the only defense to the rental agreement was lack of consideration, entered judgment for the plaintiff for $100.00 and costs, and also adjudged that plaintiff and defendant

were tenants in common as to the land, and ordered that the judgment be recorded on the proper books of record for the registration of deeds.

It is apparent that the learned judge of the Superior Court undertook to decide the matter and to enter judgment without the aid of the jury which had been impaneled to determine the issues raised by the pleadings. There was no waiver of jury trial, nor consent that the judge find the facts. There was therefore error in the judgment and the cause is remanded for proper determination of the issues arising upon the pleadings.

Error and remanded.