RANDOLPH J. JEWELL AND ELEANOR K. JEWELL, PLAINTIFFS v.
E. JACK PRICE, DEFENDANT.

(Filed 1 May 1963.)

**1. Appeal and Error § 3—**

An order allowing motion to strike paragraphs of the answer is immediately appealable when the paragraphs in question set forth complete and independent defenses so that the order amounts to sustaining demurrer to the defenses. Rule of Practice in the Supreme Court No. 4(a).

**2. Pleadings §§ 15, 34—**

A demurrer or motion to strike a defense presents the legal question of the sufficiency of the facts alleged to constitute a defense, and since the demurrer or motion admits for its purposes the truth of the facts alleged, the court must decide the question without hearing evidence or finding facts *dehors* the record.

**3. Insurance § 86;　Parties § 2—**

Allegations that an insurer had paid plaintiff the entire loss sued for constitute a complete defense to plaintiff's right to maintain the action, G.S. 1-57, and plaintiff's assertion that payments made by insurer covered only a portion of the loss raises an issue of fact but cannot entitle plaintiff to have defendant's defense striken from the answer.

**4. Contracts § 23.1;　Pleadings § 34—　Construction of house in accordance with specifications is defense to action for negligent construction.**

In an action by the owners to recover of the contractor damages from a fire resulting from the alleged negligence of the contractor in the installation of the furnace in the house, the contractor is entitled to allege that he built or caused the house to be built in accordance with plans and specifications established by plaintiffs and that plaintiffs had accepted the completed job prior to the fire, and therefore plaintiff's motion to strike such defense in its entirety should have been denied. Whether particular allegations should have been striken is not presented in the absence of motions under G.S. 1-153 directed to the particular allegations.

APPEAL by defendant from *McConnell, Special Judge,* August 27, 1962, Special Civil "A" Term of MECKLENBURG.

The hearing below was on plaintiffs' motion to strike the further defenses alleged in defendant's answer.

Plaintiffs instituted this action January 12, 1962, to recover damages of $48,851.88 on account of the destruction of their house and personal property by fire on January 18, 1959.

Under date of April 18, 1958, plaintiff Randolph J. Jewell and defendant entered into a contract whereby defendant, for the sum of $24,100.00, agreed to construct a house for plaintiffs. Section 23 of the plans and specifications attached to and made a part of said contract

provided for the installation in said house "of a forced warm air York-Heat oil burning furnace Model No. LB5-150."

Plaintiffs alleged the fire and their loss were proximately caused by the negligence of defendant in failing, in particulars set forth, to install said furnace in accordance with contract and legal requirements.

Defendant, answering, denied all allegations of negligence. By way of further answer and in bar of plaintiffs' right to recover defendant alleged two further defenses, viz.:

"AND FOR FURTHER ANSWER AND DEFENSE, AND IN BAR OF ANY RECOVERY HEREIN, the defendant alleges that at the time of the fire referred to in the complaint the plaintiffs had fire and personal property and other property insurance coverages with Lumbermens Mutual Casualty Company, an insurance corporation organized, existing and doing business under the laws of North Carolina; that after the fire the plaintiffs made claim against Lumbermens for their various losses, including all the losses referred to in the complaint, and that thereafter Lumbermens Mutual paid to the plaintiffs for damage to the house and damage to the contents and for living expenses sums equivalent to all the losses which the plaintiffs sustained in the fire, and that the said Lumbermens Mutual Casualty Company is therefore the real party in interest in this case and is a necessary party for the complete and proper determination of the controversy, and that without the presence of Lumbermens Mutual Casualty Company as a party, the suit cannot be properly completed; that the plaintiffs have heretofore testified under oath that they do not know anything about how the fire started and have never personally made any investigation about how the fire started and that they have filed proofs of loss with Lumbermens Mutual Casualty Company covering the items allegedly lost in the fire and the alleged damage to the house; that this suit was not started until January 12, 1962, which lacked only six days of being three years after the time of the fire; that the suit was instituted by attorneys for the insurance company; that they are in fact in actual as well as theoretical control of the litigation; and that the suit ought to be in the name of Lumbermens Mutual Casualty Company so that proper discovery of the actual losses can be had and so that the distribution of the recovery, if any, can be properly made and so that the requirements of the statute that actions be prosecuted in the name of the real party in interest can be complied with.

"AND FOR A SECOND FURTHER ANSWER AND DE-
FENSE, AND IN BAR OF ANY RECOVERY HEREIN, the
defendant Price alleges that this defendant built or caused the
house to be built according to plans and specifications establish-
ed by the owners, the plaintiffs herein; that the defendant Price
obtained the services of Roy S. Garmon and Garmon Roofing
and Heating Company, the additional defendants herein, to in-
stall the furnace according to the plans and specifications; that as
far as the defendant Price knew the defendants Garmon were
competent and qualified to do the job they undertook to do; that
the whole job was completed and turned over to the owners two
months or so before the fire; that the contract of this defendant
was fully completed and accepted by the owners before the al-
leged casualty occurred, and that if there was any fault in the
construction of the building or the installation of the furnace,
which is denied, it was the fault and responsibility of the de-
fendants Garmon or the supplier of some part or parts of the
specified furnace and its related installation, and not of the de-
fendant Price, and that the completion of the work and the inter-
vening contract work of the defendants Garmon and the afore-
said matters and things are specially pleaded in bar of any re-
covery herein."

Thereupon, plaintiffs filed a motion dated May 10, 1962, to strike
from defendant's answer the following:

"1. All of the first FURTHER ANSWER AND DEFENSE
and paragraph 1 in prayer for relief for that Lumbermens Mutual
Casualty Company is not the real party in interest and is not
a necessary party, the payments by said company to the plain-
tiffs having covered only a portion of the plaintiffs' loss, and for
that the allegations aforesaid contain no allegations of fact but
are conclusions of the defendant, E. Jack Price, and are irrelevant,
immaterial and improper.

"2. All of the SECOND FURTHER ANSWER AND DE-
FENSE and paragraphs 2 and 3 in the prayer for relief for that
the plaintiffs have elected to pursue this action against the de-
fendant, E. Jack Price, with whom they contracted, in order to
recover damages for an alleged breach of their contract, and
plaintiffs should be permitted to do so without having contested
litigation between the defendant, E. Jack Price, and his sub-
contractor projected into this action, and further for that the alle-
gations aforesaid contain no allegations of fact but are conclusions

of the defendant, E. Jack Price, and are irrelevant, immaterial and improper."

Plaintiffs attached to said motion an affidavit of T. M. Mayfield dated May 10, 1962, stating that, as president of T. M. Mayfield & Company, he personally investigated and adjusted the loss of plaintiffs arising out of the fire on January 18, 1959; that the sum of $37,495.92 was paid by Lumbermens Mutual Casualty Company to plaintiffs; that plaintiffs executed a loan receipt in that amount on January 24, 1959; and that the aforesaid payment was insufficient to compensate plaintiffs in full for their loss and, due to the insufficiency of their insurance coverage, represented only a part of their loss.

On June 27, 1962, a hearing on plaintiffs' said motion to strike was continued to permit counsel for defendant to take the deposition of Mayfield in order to obtain "additional information and evidence" for use by defendant in the hearing on plaintiffs' said motion. The record does not show whether the deposition of Mayfield was taken.

On September 17, 1962, the cause came on for hearing on plaintiffs' said motion at which time an order was signed in which the court "ORDERED, ADJUDGED AND DECREED that the motion of the plaintiffs in this action to strike all of the First and Second Answers and Defenses and Paragraphs 1, 2, and 3 of the prayer for relief as set out in the answer of the defendant, E. Jack Price, is allowed."

The said order of September 17, 1962, contains no reference to the Mayfield affidavit or to a deposition of Mayfield. Nor does it contain any findings of fact.

Defendant excepted (1) "to the signing and entry of the order striking out the first further answer and defense," and (2) "to the signing and entry of the order striking the second further answer and defense and the material from the prayer for relief," and appealed.

*Howard B. Arbuckle, Jr., and Carswell & Justice for plaintiff appellees.*

*Helms, Mulliss, McMillan & Johnston for defendant appellant.*

BOBBITT, J.  Plaintiffs' motion to strike is addressed to each further answer and defense in its entirety and in substance, if not in form, is a demurrer to each further answer and defense. The court, in allowing plaintiffs' motion to strike, in effect sustained a demurrer to each of defendant's further defenses. Hence, Rule 4(a); Rules of Practice in the Supreme Court, 254 N.C. 783, 785, does not apply. *Jenkins & Co. v. Lewis,* 259 N.C. 85, 87, 130 S.E. 2d 49; *Williams v. Hunter,* 257

N.C. 754, 127 S.E. 2d 546; *Mercer v. Hilliard,* 249 N.C. 725, 107 S.E. 2d 554, and cases cited.

"A demurrer or motion to strike admits, for the purpose of the hearing thereon, the truth of the allegations so challenged. When the demurrer or motion is, as here, directed to the sufficiency of a pleaded defense, the one question presented to the judge for decision is as to whether the facts alleged constitute a valid defense, in whole or in part, to plaintiff's cause of action. The judge is not permitted to hear evidence or find facts *dehors* the record. He must accept the facts as alleged and bottom his answer thereon." Barnhill, J. (later C.J.), in *Stone v. Coach Co.,* 238 N.C. 662, 664, 78 S.E. 2d 605; *Dunn v. Dunn,* 242 N.C. 234, 87 S.E. 2d 308; *Hinson v. Dawson,* 244 N.C. 23, 26, 92 S.E. 2d 393, 62 A.L.R. 2d 806.

In the first further answer and defense defendant alleged *inter alia* that Lumbermens Mutual Casualty Company, plaintiffs' insurer, "paid to the plaintiffs for damage to the house and damage to the contents and for living expenses sums equivalent to all the losses which the plaintiffs sustained in the fire," and that the Casualty Company, not plaintiffs, is "the real party in interest." G.S. 1-57.

Where insured property is destroyed or damaged by the tortious act of a third party, and the insurance company pays its insured, the owner, *the full amount* of his loss, the insurance company is subrogated to the owner's (indivisible) cause of action against such third party. In such event, the insurance company is "the real party in interest" (G.S. 1-57) and must sue in its own name to enforce its right of subrogation against the tort-feasor. *Burgess v. Trevathan,* 236 N.C. 157, 160, 72 S.E. 2d 231; *Herring v. Jackson,* 255 N.C. 537, 543, 122 S.E. 2d 366; *Insurance Co. v. Trucking Co.,* 256 N.C. 721, 125 S.E. 2d 25.

Plaintiffs, in their motion to strike, assert that "Lumbermens Mutual Casualty Company is not the real party in interest," that "the payments by said company to the plaintiffs . . . covered only a portion of the plaintiffs' loss," and that defendant did not allege facts but conclusions.

Defendant's allegation that the Casualty Company paid plaintiffs the full amount of their loss is an allegation of fact and may not be challenged by demurrer. As to a "speaking demurrer," see *Construction Co. v. Electrical Workers Union,* 246 N.C. 481, 488-9, 98 S.E. 2d 852, and cases cited. Moreover, if and when defendant's said factual allegation is properly traversed, the factual issue so raised, absent waiver, is for determination by a jury. G.S. 1-172; *Hershey Corp. v.*

*R.R.*, 207 N.C. 122, 176 S.E. 265; *Dixie Lines v. Grannick*, 238 N.C. 552, 78 S.E. 2d 410.

For the reasons stated the portion of Judge McConnell's order allowing plaintiffs' motion to strike *in its entirety* defendant's first further answer and defense and paragraph 1 of his prayer for relief is reversed.

With reference to the second further answer and defense, defendant had a clear right to allege that he had built plaintiffs' house or caused it to be built according to plans and specifications established by plaintiffs and that plaintiffs had accepted the completed job prior to the fire. Hence, the portion of Judge McConnell's order allowing plaintiffs' motion to strike *in its entirety* defendant's second further answer and defense and paragraphs 2 and 3 of his prayer for relief, is reversed.

Whether particular allegations of either or both of defendant's further answers and defenses should be stricken is not before us. A motion to strike under G.S. 1-153 should be directed to specific allegations. *Miller v. Bank*, 234 N.C. 309, 67 S.E. 2d 362. Plaintiffs have not made such a motion. Suffice to say, each further answer and defense contains sufficient factual allegations "of . . . new matter constituting a defense" (G.S. 1-135(2) ) to withstand plaintiffs' motion that it be stricken *in its entirety.*

No question is presented as to the rights and liabilities of defendant and the Garmons *inter se.* The record contains no cross complaint by defendant against the Garmons. Nor does it show service of process on the Garmons.

As to matters *dehors* the record, albeit discussed freely in the briefs, we refrain from comment.

Reversed.