### Z. V. ROBINETTE v. BOBBY G. WIKE.

(Filed 3 November, 1965.)

**1. Trial § 21—**

Upon motion to nonsuit defendant's counterclaim, all of the evidence supporting the counterclaim must be considered in the light most favorable to defendant, since defendant is in the position of a plaintiff in regard to the counterclaim.

**2. Automobiles § 41i—**

Plaintiff's testimony and testimony of statements made by him tending to show that he entered a highway from a private driveway on the south, turned right and collided with defendant's vehicle, which was traveling west, and that he could see four-tenths of a mile along the highway to the east, with further evidence that plaintiff's car came to rest with one wheel over on defendant's side of the road, *is held* sufficient to be submitted to the jury on defendant's counterclaim on the issue of plaintiff's negligence in entering the driveway without maintaining a proper lookout and in driving at least a part of his truck to the left of the center of the highway.

**3. Trial § 26—**

Nonsuit of a counterclaim will not be entered for a slight variation between defendant's allegations and plaintiff's testimony and testimony of plaintiff's statements as to how the accident occurred, since plaintiff could not have been misled by his own testimony and statements. G.S. 1-168.

**4. Trial § 48—**

Denial of motion to set aside the verdict supported by the evidence will not be disturbed.

APPEAL by plaintiff from *McLaughlin, J.,* 12 April 1965 Session of ALEXANDER.

This was a suit for personal injuries and property damage in an automobile collision. The defendant counterclaimed for his own personal injuries and property damage. The jury found that the plaintiff was not injured or damaged by the negligence of the defendant, that the defendant was injured and his property damaged by the negligence of the plaintiff and that his damages were $3,200 for personal injuries and $300 for property damage. From a judgment in accordance with the verdict the plaintiff appeals. He assigns as error the court's refusal to grant his motion for judgment of nonsuit as to the counterclaim and the denial of his motion to set aside the verdict and grant a new trial on the ground that the verdict is against the greater weight of the evidence. He contends that there was no competent evidence from which negligence on the part of the plaintiff could reasonably be inferred and that there was a fatal variance between the allegations of the counterclaim and the evidence of the defendant as to the cause and place of the accident.

The defendant's further answer and counterclaim alleges: As the defendant was driving westwardly along U. S. Highway 64, upon his right side of the road and a short distance east of the driveway of the White Pine Restaurant near Conover, the plaintiff suddenly drove his pickup truck out of the driveway, which is on the south side of the highway, and attempted to drive eastwardly along the highway. In so doing he negligently drove across the center of the highway and into the defendant's lane of travel, whereupon the defendant attempted to avoid a collision but was unable to do so. The plaintiff is alleged to have been negligent in failing to keep a proper lookout, failing to yield the right of way to the defendant and failing to give way to the right in meeting an oncoming vehicle.

The plaintiff, himself, testified that he had been driving westwardly on Highway 64 about 9:45 p.m., decided to go back to the east, turned into the driveway of the restaurant at the east end of a traffic island, 44 feet long, proceeded through the restaurant grounds to the west end of the traffic island, stopped and then proceeded out into the highway, and traveled eastwardly on the highway at a speed of from 10 to 15 miles an hour back to the east end of the traffic island — the point at which he originally entered the restaurant grounds — and there the collision occurred. From the west driveway, out of which he went back upon the highway, he could see four-tenths of a mile along the highway to the east, the direction from which the defendant was coming. The vehicles collided head-on. His car came to rest on the pavement with one rear wheel over on the defendant's side of the road. The defendant's car came to rest in the restaurant driveway on the south side of the highway.

Highway Patrolman Pope, called as a witness by the plaintiff, testified: Debris was all over the highway. He could not determine the point upon the highway at which the collision occurred. The plaintiff's truck was in the north or westbound lane. The plaintiff told him that he saw the lights of the defendant's car only a split second before the impact.

The defendant testified that he does not remember anything about the accident or how it happened. He was knocked unconscious in the collision.

Corporal Hunt of the State Highway Patrol, called as a witness for the defendant, corroborated Patrolman Pope.

*Adams & Dearman by C. H. Dearman, and Ray Jennings for plaintiff appellant.*

*Patrick, Harper & Dixon for defendant appellee.*

PER CURIAM. In passing upon the plaintiff's motion for judgment of nonsuit as to the defendant's counterclaim, all of the evidence, including that offered by the plaintiff, must be interpreted in the light most favorable to the defendant, since, as to the counterclaim, the defendant is in the position of a plaintiff seeking relief. So interpreted, the plaintiff's own testimony and his own statement to the investigating patrolmen are sufficient to support a finding that he re-entered the highway from the private driveway without maintaining a proper lookout, when the automobile of the defendant was in plain view only a short distance away and that he drove at least a part of his truck over the center of the road and into the defendant's lane of travel. There is no material variance between this evidence and the allegations of the counterclaim as to where and how the collision occurred. G.S. 1-168. The plaintiff can hardly contend that he was misled by his own testimony and statements. His motion for judgment of nonsuit was, therefore, properly denied.

The credibility of the testimony and the propriety of drawing therefrom inferences which it will support were for the jury, who have considered it and decided in favor of the defendant. There was no error in the denial of the motion to set aside the verdict.

Although the alleged errors in the instructions of the court to the jury appear to have been abandoned in the brief of the plaintiff, we have considered them and find no merit therein.

No error.