UNIVERSITY MOTORS, INC. v. DURHAM COCA-COLA BOTTLING COMPANY AND ROY GORDON MOSS.

(Filed 14 January, 1966.)

**1. Trial § 21—**

   On motion to nonsuit a counterclaim, the evidence must be taken in the light most favorable to defendant, and plaintiff's evidence in conflict therewith must be disregarded.

**2. Automobiles § 41g— Evidence held not to show that driver should have seen in time to avoid injury that other driver was not going to obey traffic signal.**

   Evidence favorable to defendant that he entered the intersection traveling east while faced with a green traffic signal, that the southwest corner of the intersection was obstructed, and that his vehicle was struck on its right side, back of the cab, after it had traversed some two-thirds of the intersection, by defendant's car which entered the intersection from the south, *held* not to show contributory negligence as a matter of law on the part of defendant driver in failing to see, at a time when he could have avoided the collision by the exercise of due care, that plaintiff driver

could not or would not stop in obedience to the red light, and nonsuit of defendant's counterclaim was properly denied.

**3. Insurance § 66.1; Parties § 2; Pleadings § 34—**

Allegations that an insurer had paid plaintiff the entire loss sued for constitute a complete defense to plaintiff's right to maintain the action, and plaintiff's assertion that payments made by insurer covered only a portion of the loss raises an issue of fact but cannot entitle plaintiff to have defendant's defense stricken from the answer.

**4. Pleadings § 33—**

A motion to strike an entire defense is in substance, if not in form, a demurrer thereto, and therefore in passing upon such motion allegations of the answer must be deemed admitted and the truth of the allegations cannot be attacked upon such motion.

APPEAL by plaintiff from *Johnson, J.,* March 29, 1965 Session of DURHAM.

Plaintiff's action and corporate defendant's counterclaim, both relating solely to property damage, grow out of a collision that occurred May 13, 1963, about 4:00 p.m., in Durham, N. C., within the intersection of Duke Street, which runs north-south, and Trinity Avenue, which runs east-west, between plaintiff's Chrysler car, operated by Bruce B. Goodwin, plaintiff's Assistant Service Manager, and corporate defendant's truck, operated by Roy Gordon Moss, corporate defendant's employee-driver. The agency of the drivers is admitted by the respective owners.

At said intersection, traffic is regulated by an electrically operated traffic control signal light erected by the City of Durham pursuant to a duly enacted city ordinance.

Goodwin, approaching the intersection, was traveling north on Duke Street. Duke is a one-way street, exclusively for northbound traffic. It is about 35 feet wide and is divided "almost equally" into three traffic lanes. The west lane is for left turn traffic. The center lane is for straight through traffic. The east lane is for straight through and right turn traffic.

Moss, approaching the intersection, was traveling east on Trinity Avenue. Trinity is a two-way street. It is about 35 feet wide and has three traffic lanes, two for eastbound traffic and one for westbound traffic. The north lane is for westbound traffic. The center lane is for eastbound traffic preparing to turn left and go north on Duke. The south lane is for straight through eastbound traffic.

On the southwest corner of said intersection, there is "a big two-story house" which "sits a few feet back from the sidewalk" on Trinity and "is situate a few feet west of the west curb line of Duke." "There are some trees planted in this vicinity along the

street on the south side of Trinity Avenue west of the intersection with Duke Street. There are trees on the west side of Duke . . . south of Trinity Avenue."

Plaintiff alleges the collision and the damage to its Chrysler were caused by the negligence of Moss in that he (a) operated the Coca-Cola truck at an unlawful speed in violation of G.S. 20-141(2) and (b) attempted to cross said intersection when the signal light facing him was red. Plaintiff prayed that it recover $1,965.00 for the damage to its Chrysler.

Answering, defendants denied negligence, and, as further defenses in bar of plaintiff's right to recover, pleaded (1) that plaintiff is not the real party in interest and (2) contributory negligence on the part of Goodwin in the operation of the Chrysler.

In addition, based on substantially the same allegations set forth in said plea of contributory negligence, the corporate defendant alleged as a counterclaim that said collision and the damage to its truck were caused solely by the negligence of Goodwin in several respects, namely, (1) excessive speed, (2) failure to decrease speed in approaching an intersection, (3) failure to keep a proper lookout, (4) failure to keep the Chrysler under proper control, (5) failure "to stop in obedience to the red traffic light facing him as he approached and entered the intersection and to yield the right of way" to the corporate defendant's truck, and (6) failure "to apply brakes, stop, turn aside or take any other precaution in time to avoid the collision." The corporate defendant prayed that it recover $465.92 for the damage to its truck.

Plaintiff, by reply, denied the material allegations of the corporate defendant's counterclaim.

Defendants' first further answer and defense was in these words: "For a First Further Answer and Defense, the defendants allege upon information and belief that damage to the vehicle of the plaintiff was covered in a policy of automobile collision insurance issued to the plaintiff by Glens Falls Insurance Company; that the entire loss has been paid to the plaintiff by said Insurance Company; and that Glens Falls Insurance Company and not University Motors, Inc., is the real party in interest in this action."

After the pleadings had been filed, plaintiff moved to strike said first further answer and defense in its entirety. It asserted in said motion that, while the damages to its Chrysler amounted to $1,965.00, it had received only $950.00 from its collision insurance carrier.

Plaintiff's said motion to strike, after hearing thereon before Judge Latham, was denied. Plaintiff's Exception No. 1 is directed to this ruling.

Evidence was offered by plaintiff and by defendants.

During the trial, plaintiff's secretary and treasurer had testified with reference to the reasonable market value of the Chrysler before and after the collision. On cross-examination, he had testified that the cost of repairs to the Chrysler was $1,217.00. Thereafter, the following occurred:

"Q. Now you have been paid this $1,217.00, have you not?
"A. The insurance company paid for repairing the car, yes sir.

"MOTION TO STRIKE BY THE PLAINTIFF. MOTION DENIED.
"PLAINTIFF'S EXCEPTION No. 3."

Upon redirect examination, the witness testified: "The insurance company did not pay all of our loss but we received $950.00 from them."

At the close of all the evidence, plaintiff moved for judgment of nonsuit as to the counterclaim of the corporate defendant. The motion was denied. Plaintiff's Exception No. 7 is directed to this ruling.

The issues submitted and the jury's answers thereto were as follows: "1. Was the plaintiff's property injured and damaged by the negligence of the defendants, as alleged in the complaint? Answer: No. 2. If so, did the plaintiff by its own negligence contribute to such injury and damage? Answer . . . 3. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer ....... 4. Was the property of the defendant Durham Coca-Cola Bottling Company injured and damaged by the negligence of the plaintiff as alleged in the defendant's Counterclaim? Answer: Yes. 5. What amount, if any, is the defendant Coca-Cola Bottling Company entitled to recover of the plaintiff as damages? Answer: $450.00."

In accordance with the verdict, the court entered judgment that the corporate defendant have and recover of plaintiff the sum of $450.00 with interest and costs. Plaintiff excepted and appealed.

*Newsom, Graham, Strayhorn & Hedrick and Josiah S. Murray, III, for plaintiff appellant.*

*Dupree, Weaver, Horton, Cockman & Alvis and Brooks & Brooks for defendant appellees.*

BOBBITT, J. Plaintiff's appeal presents these questions: (1) Did the court err in denying plaintiff's motion to nonsuit corporate defendant's counterclaim? (2) Did the court err in denying plaintiff's motion to strike defendants' first further answer and defense?

(3) Did the court err in denying plaintiff's motion to strike the testimony quoted in our preliminary statement relating to payments made to plaintiff by its collision insurance carrier?

There is ample evidence that the collision and resulting damage were proximately caused by Goodwin's negligence. Plaintiff contends that defendants' evidence establishes *as a matter of law* that Moss was contributorily negligent. With reference to the counterclaim, the corporate defendant's status is that of a plaintiff. Hence, in passing upon whether the court should have nonsuited the counterclaim, the evidence must be considered in the light most favorable to the corporate defendant. Evidence favorable to plaintiff must be disregarded. *Gillikin v. Mason,* 256 N.C. 533, 124 S.E. 2d 541; *Robinette v. Wike,* 265 N.C. 551, 144 S.E. 2d 594.

While the evidence was in sharp conflict, there was evidence sufficient to permit the jury to make the factual findings narrated below.

Goodwin approached and entered the intersection, traveling in the east lane of Duke, when the signal light facing him was red. The collision occurred in the east lane of Duke, approximately 10 feet north of the south curb line of Trinity and 20-25 feet east of the west curb of Duke. The front of the Chrysler collided with the right side of the Coca-Cola truck "right behind the cab." The Chrysler made skid marks 36 feet long. They began 26 feet south of the south curb of Trinity.

Physical conditions at the southwest corner of said intersection obstructed to an undefined extent Goodwin's view of eastbound traffic on Trinity and Moss' view of northbound traffic on Duke. Goodwin first saw the Coca-Cola truck when it was coming into the intersection from his left. Moss did not see the Chrysler prior to the collision.

As Moss approached the intersection at a speed of 20-25 miles an hour, the signal light facing him was green. When 45 feet away, a Volkswagen, traveling north on Duke, crossed the intersection although faced by the red light. Moss glanced to his right, saw no other vehicle on Duke Street, reduced his speed slightly, looked ahead to make sure and found that the green light was still facing him, and had proceeded at least two-thirds across the intersection when the collision occurred. Moss "heard tires squealing as (he) was going under the light."

When the evidence is considered in the light most favorable to the corporate defendant, and applying legal principles discussed fully in *Stathopoulos v. Shook,* 251 N.C. 33, 110 S.E. 2d 452, and cases cited therein, we cannot say that the only reasonable inference or conclusion that may be drawn therefrom is that Moss was

put on notice that Goodwin could not or would not stop in obedience to the red light at a time when Moss could have avoided the collision by the exercise of due care. We conclude it was proper to submit to the jury the issues arising on the corporate defendant's counterclaim and that plaintiff's motion to nonsuit said counterclaim was properly denied.

Judge Latham properly overruled plaintiff's motion to strike defendants' first further answer and defense. *Smith v. Pate*, 246 N.C. 63, 97 S.E. 2d 457; *Jewell v. Price*, 259 N.C. 345, 130 S.E. 2d 668.

Nothing else appearing, plaintiff would be entitled to the recovery, if any, for damages to its Chrysler. Defendants' first further answer and defense is a plea in bar. If, as defendants alleged, the entire loss had been paid by plaintiff's collision insurance carrier, plaintiff was not the real party in interest and could not maintain the action. Whether in the circumstances of the particular case a plea in bar is to be disposed of prior to trial on the merits is for the court, in the exercise of its discretion, to determine. *Gillikin v. Gillikin*, 248 N.C. 710, 104 S.E. 2d 861; *Cowart v. Honeycutt*, 257 N.C. 136, 125 S.E. 2d 382.

Plaintiff's motion to strike defendants' first further answer and defense in its entirety was in substance, if not in form, a demurrer thereto. In passing upon said motion, the factual allegations of defendants' first further answer and defense are deemed admitted. Hence, defendants' allegation that plaintiff's collision insurance carrier had paid plaintiff the full amount of its loss may not be challenged by demurrer. As to a "speaking demurrer," see *Construction Co. v. Electrical Workers Union*, 246 N.C. 481, 488-9, 98 S.E. 2d 852, and cases cited. If it be considered that defendants' said factual allegation was properly traversed by the allegations in plaintiff's said motion, the factual issue so raised, absent waiver, would be for determination by a jury. G.S. 1-172; *Hershey Corp. v. R. R.*, 207 N.C. 122, 176 S.E. 265; *Dixie Lines v. Grannick*, 238 N.C. 552, 78 S.E. 2d 410; *Jewell v. Price, supra.*

Plaintiff could have moved that the court, in the exercise of its discretion, determine the factual issue raised by defendants' said plea in bar prior to trial of the action on the merits. It did not do so. When the cause came to trial, evidence bearing upon the issue raised by defendants' first further answer and defense, including the testimony of plaintiff's secretary and treasurer, was relevant. The fact the testimony elicited by defendants, particularly when clarified on redirect examination, did not support defendants' first further answer and defense is not determinative as to its relevance.

Defendants having introduced the subject of plaintiff's collision

insurance by their pleading and by cross-examination of plaintiff's secretary and treasurer with reference thereto, no reason appears why plaintiff could not have shown the full facts concerning its collision coverage, including the fact that the plaintiff itself would not benefit by a recovery unless the recovery exceeded the amount to which its insurance carrier would be entitled as subrogee. Plaintiff did not see fit to develop these facts. It is noteworthy that, under the evidence, plaintiff's collision insurance carrier, while not a necessary party, would have been a proper party to the action. *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231; *Smith v. Pate, supra; Insurance Co. v. Moore,* 250 N.C. 351, 108 S.E. 2d 618.

It is noted that plaintiff did not object to the question asked by defendants' counsel. Its exception is to the denial of its motion to strike the answer. "When there is no objection to the testimony, a motion to strike is addressed to the discretion of the trial court, and its ruling thereon is not subject to review in the absence of abuse." 4 Strong, N. C. Index, Trial § 15, p. 303.

For the reasons stated, the conclusion reached is that plaintiff has failed to show prejudicial error.

No error.