CHARLES A. NEW AND WIFE, WILHELMINA NEW, v. PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC., ORIGINAL DEFENDANT AND HAMLIN SHEET METAL COMPANY, INCORPORATED, AND NATION-WIDE MUTUAL FIRE INSURANCE COMPANY, ADDITIONAL DEFEND-ANTS.

(Filed 19 April, 1967.)

**Parties §§ 4, 8;   Insurance § 86—**

Insurer who has paid part of the loss in suit to insured is a proper party to an action by the insured against the tort-feasor to recover the loss, and upon motion of the tort-feasor, supported by allegations of such payment by insurer, the trial court has the discretionary power to order that insurer be joined as an additional party. Insurer's demurrer to the joinder on the ground that the complaint did not state a cause of action against it is frivolous.

APPEAL by original defendant from *Johnson, J.*, July Non-Jury Civil Session of WAKE, docketed and argued at the Fall Term 1966 as Case No. 531.

Plaintiffs instituted this action against Public Service Company of North Carolina, Inc. (Service Company), to recover damages caused by a fire which occurred in an apartment building owned by them. They allege that defendant Service Company, pursuant to a contract with plaintiffs, installed gas-burning furnaces in each of the six apartments in the building; that these appliances were improperly installed; and that defendant Service Company's negligence (as specified in the complaint) proximately caused a fire, which damaged the apartments in the sum of $14,717.00 on March 4, 1963. Defendant Service Company answered and alleged as a "third further answer and defense and plea in bar" (1) that the

apartment building was insured against loss by fire by Nationwide Mutual Fire Insurance Company (Nationwide), which has paid plaintiffs $8,961.96 as "the full amount of loss and damage," and that the action should be dismissed because plaintiffs are not the real parties in interest; and (2) that even if Nationwide has not paid plaintiffs the full amount of their loss, it is "a proper party to this action because, to the extent of its payment, it is subrogated to plaintiffs' rights against defendant Service Company. Service Company further alleges that Nationwide has placed it on notice of its subrogation interest. In order that Nationwide's "rights and interest, if any, may be fully and finally determined in this action," Service Company prayed that its "third and further answer and defense" be considered a motion for an order making Nationwide a party to this action. This motion was heard by his Honor, Chester R. Morris, judge presiding at the May 1966 Non-Jury Session, who entered the following order:

> "THIS CAUSE coming on to be heard . . . and it appearing to the court that Nationwide Mutual Fire Insurance Company may have an interest in the subject matter of this action and whose presence is necessary to a complete determination of the rights of all persons who may have an interest in the result of the litigation, and therefore is a proper party to this action, it is now, therefore, in the discretion of the court,

> ORDERED

> that Nationwide Mutual Fire Insurance Company be and it is hereby made an additional party defendant to this action. . . ."

The order further directed that summons, together with copies of all pleadings filed in the cause, be served upon Nationwide requiring it to answer original defendants' allegations relating to it within thirty days after such service. Instead of answering, it demurred to the third further answer and defense and plea in bar for that defendant Service Company has stated therein no cause of action against Nationwide and seeks no relief from it.

Judge Johnson sustained the demurrer and dismissed Nationwide from this action. Defendant Service Company excepted and appealed.

*Young, Moore & Henderson by J. Allen Adams for Public Service Company of North Carolina, Inc., original defendant appellant.*

*Dupree, Weaver, Horton, Cockman & Alvis for Nationwide Mutual Fire Insurance Company, additional defendant appellee.*

Sharp, J.   The judgment of the court below must be reversed upon the authority of *Burgess v. Trevathan*, 236 N.C. 157, 72 S.E. 2d 231, wherein Ervin, J., speaking for the Court, said:

"Since an insurance company which pays the insured for a part of the loss is entitled to share to the extent of its payment in the proceeds of the judgment in the action brought by the insured against the tort-feasor to recover the total amount of the loss, it has a direct and appreciable interest in the subject matter of the action, and by reason thereof is a proper party to the action. . . . This being so, the insurance company in such case may be brought into the action by the court in the exercise of its discretionary power to make new parties at the instance of the insured or the tort-feasor either in the capacity of an additional plaintiff who has an interest in the subject of the action and in obtaining the relief demanded in it, or in the capacity of an additional defendant whose presence is necessary to a complete determination of the rights of all persons who may have an interest in the result of the litigation. . . . Undoubtedly the more effective procedure in such situation is for the party desiring to bring the insurance company into the action to move that it be made an additional party defendant and required to answer, setting up its claim arising through subrogation." *Id.* at 161-62, 72 S.E. 2d at 234.

That opinion further pointed out that, even in those cases in which the insurer, claiming to have paid the total loss, sues alone to enforce subrogation from the tort-feasor, the insured is a proper party-defendant. This is true because, until the verdict establishes the amount of the damage, it cannot be known "whether insurer is the sole or partial owner of the cause of action." *Id.* at 162, 72 S.E. 2d at 234. Similarly, the insurer is a proper party when its insured sues the alleged tort-feasor, who alleges that the insurer has paid the full amount of the loss and is the real party in interest. Obviously, in a situation such as this, the alleged tort-feasor cannot assert a cause of action for relief against insurer in the ordinary sense. The purpose of making the insurer a party is to determine *and to protect,* in one action, the rights of all who may have an interest in the litigation.

Nationwide is not a necessary party to this action, but it is a proper party. *Motors v. Bottling Co.*, 266 N.C. 251, 146 S.E. 2d 102; *Burgess v. Trevathan, supra.* Whether it should have been joined was a matter addressed to the sound discretion of the trial court which heard the motion. Judge Morris, after a hearing, made Na-

tionwide a party and his decision is not reviewable. "(O)rdinarily, an order allowing a motion for the joinder of an additional party is not appealable." *Burgess v. Trevathan, supra* at 159, 72 S.E. 2d at 232. *Accord, Simon v. Board of Education,* 258 N.C. 381, 390, 128 S.E. 2d 785, 792; *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669; 3 Strong, N. C. Index, Parties § 8 (1960).

Aware of the foregoing rule, no doubt, Nationwide excepted to the order making it a party and did not attempt the futility of a direct appeal from Judge Morris' order. Instead, it demurred to Service Company's third further answer on grounds which can only be characterized as frivolous. The judgment sustaining the demurrer and dismissing Nationwide from the action is

Reversed.