HENREDON FURNITURE INDUSTRIES, INC. v. SOUTHERN RAILWAY COMPANY

No. 7525SC496

(Filed 5 November 1975)

Rules of Civil Procedure § 20— insurer as proper party — joinder discretionary

An insurer who has paid part of an insured's claim is a proper and not a necessary party to an action brought by insured against tortfeasor, and the addition of parties where they are not necessary is a discretionary matter for the trial court.

APPEAL by defendant from *Ferrell, Judge*. Order entered 19 March 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 25 September 1975.

Plaintiff filed complaint alleging that its tractor-trailer unit was being driven over defendant's railroad crossing at the direction of defendant's signalman when it was struck by a box-car. Defendant answered denying negligence and alleging contributory negligence. Defendant counterclaimed alleging that plaintiff's driver did not heed their signals for him to stop. Defendant also moved for joinder of American Mutual Insurance Company as a party plaintiff alleging that it was the real party in interest since it had paid all of plaintiff's damages except a $1,000 deductible. Plaintiff replied to the counterclaim and prayed that American Mutual not be joined.

From an order finding that American Mutual was a proper party but not a necessary party and denying defendant's motion to join American Mutual, defendant appealed.

---

---

*Hedrick, McKnight, Parham, Helms, Kellam & Feerick, by Richard T. Feerick and Edward L. Eatman, Jr., for plaintiff appellee.*

*W. T. Joyner and John H. McMurray for defendant appellant.*

ARNOLD, Judge.

North Carolina case law provides that, although an insurer who has paid part of insured's claim "has a direct and appreciable interest in the subject matter of the action" brought by insured against tortfeasor, *Burgess v. Trevathan,* 236 N.C. 157, 161, 72 S.E. 2d 231, 234 (1952), the insurer is not a necessary party to the action, but only a proper party. *New v. Public Service Co.,* 270 N.C. 137, 153 S.E. 2d 870 (1967); *University Motors, Inc. v. Durham Coca-Cola Bottling Co.,* 266 N.C. 251, 146 S.E. 2d 102 (1966); *Burgess v. Trevathan, supra.* The addition of parties where they are not necessary is a matter within the trial court's discretion, and the judge's order refusing to join additional parties is not ordinarily reviewable. *New v. Service Co., supra; Corbett v. Corbett,* 249 N.C. 585, 107 S.E. 2d 165 (1959); *Guthrie v. City of Durham,* 168 N.C. 573, 84 S.E. 859 (1915). Defendant has not shown how the interlocutory order appealed from deprives it of any "substantial right." G.S. 1-277. *See Funderburk v. Justice,* 25 N.C. App. 655, 214 S.E. 2d 310 (1975). Therefore, this appeal is premature and is dismissed.

Dismissed.

Judges MORRIS and HEDRICK concur.