248 S.E.2d 775 (1978)
38 N.C. App. 742
Miles M., Mary P. and Mark BEAL
v.
James A. and Amelia S. DELLINGER.
No. 7827SC113.
Court of Appeals of North Carolina.
November 21, 1978.
Jonas & Jonas by Richard E. Jonas, Lincolnton, for petitioners-appellees.
Wilson & Lafferty, P. A., by John O. Lafferty, Jr., Lincolnton, for respondents-appellants.
ARNOLD, Judge.
Respondents contend that this proceeding should have been dismissed for lack of jurisdiction over the subject matter. They rely on Pruden v. Keemer, 262 N.C. 212, 136 S.E.2d 604 (1964), but that case is not on point. In Pruden, the Court found a lack of subject matter jurisdiction because the petition *776 had failed to allege what boundary line was in dispute, or in fact that any boundary line was in dispute. There the petitioners merely had set out what they believed to be the true location of the boundary of their lands and had alleged that respondents' lands would be "affected" by the proceeding. The court said this was insufficient to comply with G.S. 38-1, which provides that these special proceedings are to establish the true location of disputed boundary lines.
Here, the petitioners included in their petition the deed descriptions by metes and bounds of the property they owned, then alleged:
3. That the defendants are the owners of lands which adjoin the lands of the petitioners along the Northern boundary thereof, described in Deed Book 339 at Page 225, and the defendants dispute the correctness of the boundary lines of the lands of the petitioners as set out in the deeds above referred, the particular boundary lines so disputed by the defendants being the Northern boundary line of the property of the petitioners in the deeds referred to above.
4. The defendant has constructed a fence which, the petitioners are informed and believe has been constructed across the said boundary line and on property owned by the petitioners.
These paragraphs distinguish the present situation from Pruden. They allege a dispute, and they allege that the disputed line is the northern boundary of petitioners' land as set out in the deed. This is sufficient to meet the requirements of the statute and of Pruden. "G.S. 38-3 provides that petitioner allege `facts sufficient to constitute the location of such line as claimed by him.' This provision requires that petitioner allege facts as to the location of the (disputed) line as claimed by him with sufficient definiteness that its location on the earth's surface may be determined from petitioner's description thereof." Pruden v. Keemer, supra at 218, 136 S.E.2d at 608. The trial court correctly denied respondents' motion to dismiss.
There is also no merit in respondents' argument that G.S. 38-3 entitled them to a judgment in their favor before trial. G.S. 38-3 provides that "[i]f the defendants fail to answer, judgment shall be given establishing the line according to petition." In their answer, respondents denied petitioners' claims and alleged what they considered to be the correct boundary line. They would have us view their averment as a petition requiring a responsive pleading, but it is not. The Rules of Civil Procedure apply to a special proceeding, G.S. 1-393; 1A-1, Rule 1, and require a reply only to a counterclaim denominated as such. G.S. 1A-1, Rule 7. No counterclaim appears here, and no reply is required. Respondents' contentions are taken as denied. G.S. 1A-1, Rule 8(d). G.S. 38-3 clearly refers to defendant's failure to file an answer, and does not apply here.
Finally, respondents contend that they were entitled to a directed verdict, to have the verdict set aside as against the greater weight of the evidence, or to a new trial. We find, first, that the motion for directed verdict was properly denied. A directed verdict is never proper when the question is for the jury, 12 Strong's N.C. Index 3d, Trial § 31, and in processioning proceedings the determination of the boundary is for the jury. Cornelison v. Hammond, 225 N.C. 535, 35 S.E.2d 633 (1945).
Nor do we find error in the court's refusal to set aside the verdict and to order a new trial. In processioning proceedings it is the duty of the jury to locate the boundary. If petitioners fail to carry their burden of proof, the jury need not fix the line according to the respondents' contentions, but may locate the boundary wherever they feel the evidence justifies. Cornelison v. Hammond, supra; McCanless v. Ballard, 222 N.C. 701, 24 S.E.2d 525 (1943). Where a verdict is supported by the evidence, denial of the motion to set it aside will not be disturbed. Robinette v. Wike, 265 N.C. 551, 144 S.E.2d 594 (1965); 12 Strong's N.C. Index 3d, Trial § 48. Here the petitioner presented evidence that the line he claimed *777 as correct began at a stake on the old Keener line and ended at a back corner marked with an iron stake and some rock; that when the surveyor surveyed in 1975, the line he ran coincided with the fence in places, and in other places the fence was south of the line; that the stakes placed by the surveyor conformed to the understanding of the son of a former owner of the property as to where the boundary was, and that that boundary was north of where the fence was erected. This was sufficient evidence, if believed by the jury, to show that the boundary was as petitioner claimed. Respondents argue at length that the petitioners' evidence is not credible, but "[t]he credibility of the testimony and the propriety of drawing therefrom inferences which it will support were for the jury. . .." Robinette v. Wike, supra at 553, 144 S.E.2d at 596. As petitioners point out, respondents' argument and analysis merely represent a contrary inference which the jury could have drawn had it chosen to do so.
No error.
MORRIS and ERWIN, JJ., concur.